### IN THE MATTER OF JOHN D. MOLLOZZI, AN ATTORNEY AT LAW.

Argued March 8, 1977—Decided April 5, 1977.

Mr. *Richard R. Width* argued the cause for the Union County Ethics Committee.

Mr. *John M. Boyle* argued the cause for respondent (*Messrs. Sauer, Boyle, Dwyer, Canellis & Cambria*, attorneys).

PER CURIAM. This disciplinary proceeding against respondent, a member of the bar of this State, has the following background.

Respondent represented a client who was insured under a Travelers Insurance Company automobile liability policy which also provided "no fault" coverage. The client was injured in an automobile accident and incurred expenses for medical treatment and drugs. These bills were forwarded to Travelers and payment requested. However, Travelers asked for an examination of the client by Dr. Rosenblatt, a doctor selected by it. In the meantime, payment of the bills was withheld.

Efforts to arrange an examination date ran into difficulties and it was not until nine months later that the client was examined by Dr. Rosenblatt. At this point, Mr. Ginsberg, the Supervisor of Travelers' Claim Department, who was handling the claim, wrote to respondent, acknowledged the examination, but then added: "Before I will consider making any payment I want an explanation of why you did not send your client for the exams when originally requested last year." In reply, respondent sent the following letter:

"Dear Mr. Ginsberg:
It offends me to have to write this letter since it appears that you cannot read the 'King's English.' However, I will give you the explanation which you requested, before I file my grievance down in Trenton to State Senator's [sic] Menza's office for a formal hearing with the Insurance Commissioner.
An appointment was set up, at your request, in September and the appointment was cancelled because Dr. Rosenblatt had an emergency and was not available for the date that was set.
In October we complied with your letter by setting another appointment with Dr. Rosenblatt for December 14th. However, my client was admitted to the hospital four days prior to that, and was unable to keep that appointment, as evidenced by the records from the Overlook Hospital. As soon as my client came out of the hospital, another appointment was made and this appointment was kept in March of 1976.
It is not my fault that the doctors you choose cannot see a patient for two or three months. I feel that if the company wants quicker action, then it should hire its own private physician on a full-time basis instead of going out looking for orthopedic surgeons who can do the assignments when available.
In addition to that, I am enclosing a bill from Dr. Inglesby, which shows treatment of Mrs. Jones for the month of December when she was admitted to the hospital.

I expect this bill to be paid forthwith, along with the other bills that I have submitted to you, since the explanation that I have given you is an objective one that meets whatever criteria you may require. In the event that these payments are not made within a ten day period, we will not communicate with your office concerning this matter, but shall proceed to file a suit on a breach of contract and file a formal complaint through Senator Menza's office, since I am a Legislative Aide of his, for a formal hearing down in Trenton.
Since I have had problems with your company in the past, it would give me much delight having the Insurance Commissioner find that the company is culpable and responsible for payment of all bills plus interest and attorney's fees.
The choice now is yours!"

The ethics complaint herein, which was filed by the Claim Department Manager of Travelers, charges that respondent, in the second from the last paragraph of the letter, "implied that he was able to influence improperly and upon irrelevant grounds a legislative body and a public official."

Respondent's explanation is that he thought the carrier's handling of his client's claim abused the concept of no fault coverage, and that all he intended to say was that he was going to report this to the proper authorities.

We find the paragraph in question, particularly when read in connection with the opening paragraph, to be improper. Aside from the fact that respondent was not the Senator's legislative aide (although respondent may have had some reason to believe that he had volunteer status with the Senator), the letter implies that respondent had influence with a certain public official and intended to use it against the carrier unless the client's claim was promptly paid in full. See DR9-101(C).

Respondent concedes that the letter was "unfortunate." He says that it was written when he was frustrated and angry. We accept his representation that it will not happen again, but reprimand him for his conduct.

*For reprimand* — Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD — 7.